RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*[Proposed] Liaison Counsel for Plaintiffs and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| ROBERT SOLIS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEXINFINTECH HOLDINGS LTD., JAY WENJIE XIAO, CRAIG YAN ZENG, KEYI CHEN, YIBO SHAO, and JARED YI WU,<br><br>Defendants. | **CASE No.: 3:20-CV-01562-SI**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF MOVANTS LENNON WRIGHT AND STEPHEN GROSSI FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**ORAL ARGUMENT REQUESTED** |

**PLEASE TAKE NOTICE** that on a date and at a time to be designated by the Court, Movants Lennon Wright and Stephen Grossi ("Movants") will and do move this Court for an order granting the Motion: (a) appointing Movants as Lead Plaintiffs; and (b) approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("RGMR") as Liaison Counsel.

This Motion is brought pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), on the grounds that: (1) Movants should be appointed as Lead Plaintiffs on behalf of persons or entities who purchased or otherwise acquired publicly traded securities of LexinFintech Holdings Ltd. ("LexinFintech" or the

1

"Company"): (a) pursuant and/or traceable to the Company's initial public offering conducted on or about December 21, 2017 (the "IPO" or "Offering"); or (b) between December 21, 2017 and August 24, 2020, both dates inclusive (the "Class Period"), as Movants timely made this Motion, has the largest financial interest and otherwise satisfy the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movants' selection of Rosen as Lead Counsel and RGMR as Liaison Counsel should be approved as the firms are well-qualified, with extensive experience.

In support of this Motion, Movants file herewith a memorandum of points and authorities, the Declaration of Jeffrey S. Ratliff, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants respectfully submit this memorandum in support of their motion for an Order, pursuant to the Securities Act and the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    appointing Movants as Lead Plaintiffs for all persons other than Defendants who purchased or otherwise acquired the securities of LexinFintech: (a) pursuant and/or traceable to the Company's IPO conducted on or about December 21, 2017; or (b) between December 21, 2017 and August 24, 2020, both dates inclusive; and

(2)    appointing Rosen Law as Lead Counsel and RGMR as Liaison Counsel for the Class.

## CLAIMS ASSERTED

This action was commenced on September 9, 2020 by Rosen Law and RGMR in the United States District Court for the District of Oregon against the Defendants alleging claims under Sections 11, 12(a)(2), and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b)) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). That same day, a PSLRA early notice advising potential Class members of, *inter alia*,

2

the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Jeffrey S. Ratliff filed herewith ("Ratliff Decl." or "Ratliff Declaration").

Defendant LexinFintech, through its subsidiaries, purports to operate as an online consumer finance platform for young professionals in the People's Republic of China. The Company operates Fenqile.com, a retail and online consumer finance platform that offers installment purchase loans, personal installment loans, and other loan products, as well as provides online direct sales with installment payment terms; and Le Card, a membership platform, which offers savings, benefits, and membership privileges to food and beverage, apparel, hospitality, and leisure sectors. LexinFintech is incorporated in the Cayman Islands with headquarters in Shenzen, PRC. LexinFintech's American Depositary Shares ("ADSs") trade on NASDAQ under the ticker symbol "LX."

The complaint alleges that the registration statement and supporting documents filed in connection with the Company's IPO ("Registration Statement") contained statements that were materially false and misleading. The Registration Statement was negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Specifically, the Registration Statement made false and/or misleading statements and/or failed to disclose that: (1) LexinFintech overstated its growth prospects; (2) LexinFintech engaged in undisclosed related party transactions; and (3) as a result, the Registration Statement was materially false and/or misleading and failed to state information required to be stated therein.

The complaint also alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and financial

2

results. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) LexinFintech reported artificially low delinquency rates by giving borrowers in default new funds to make payments; (2) the Company's business model exposes shareholders to enormous losses by prioritizing Chinese lenders for off-balance sheet loans; (3) the Company exaggerated its user base; (4) the Company was facilitating direct peer to peer lending contrary to Chinese law; (5) the Company engaged in undisclosed related party transactions; (6) the Company lacked adequate internal controls; and (7) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On August 25, 2020, Grizzly Research published a report describing, among other things, how the Company: (1) reports artificially low delinquency rates by giving borrowers in default new funds to make payments; (2) has a business model that exposes shareholders to enormous losses; (3) was still conducting direct peer to peer lending despite claiming otherwise, (4) lacked internal controls; and (5) conducted undisclosed related party transactions. On this news, LexinFintech ADSs fell $0.47 per share or 5.52% to close at $8.04 per share on August 25, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days

3

after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movants satisfy the above criteria, have the largest financial interest of any movants in this litigation, and are therefore the most adequate and should be appointed as Lead Plaintiffs.

### A. Movants Are Willing to Serve as Class Representatives

Movants timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movants are willing to serve as representatives of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Ratliff Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306

4

F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movants' approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movants lost approximately $124,407.09 in connection with their purchases of LexinFintech securities. *See* Ratliff Decl., Ex. 3. Movants are not aware of any other movant that has suffered greater losses in LexinFintech securities. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the Class.

**C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred

5

until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movants fulfill all of the pertinent requirements of Rule 23. Movants' claims share substantially similar questions of law and fact with the claims of the members of the Class, and Movants' claims are therefore typical of the members of the Class. Movants and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about LexinFintech and its business. Movants, as did all of the members of the Class, purchased LexinFintech securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movants and other Class members, and Movants' desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movants as Lead Plaintiffs.

### D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Movants are a pair of sophisticated investors well-suited to representing the class. Movant Wright is a personal injury lawyer in Texas. Movant Wright is also the managing partner

of L&S Wright Family Partnership and The Law Office of Lennon C. Wright Profit Sharing Plan. Movant Wright has over 50 years of investing experience. Movant Grossi holds a college degree and works as an executive in human resources. He has been investing for over 20 years.

In support of their motion, Movants have filed herewith a joint declaration attesting to their dedication to work vigorously to represent the interests of the class and their ability to work jointly to oversee the litigation. *See* Ratliff Decl., Ex. 4.

Movants' ability and desire to fairly and adequately represent the Class has been discussed above. Movants are not aware of any unique defenses that Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the Class.

## II. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law as Lead Counsel and RGMR as Liaison Counsel. Rosen Law and RGMR initiated this action and the firms have been actively researching the Class' and the Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Rosen Law has prosecuted securities fraud class actions and has obtained substantial recoveries on behalf of investors. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous courts throughout the country. The resumes of the firms are attached as Exhibits 5 and 6 to the Ratliff Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of counsel, the members of the Class will receive the best legal representation available.

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

8

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Lead Plaintiffs for the Class; (2) approving Rosen Law as Lead Counsel and RGMR as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 9, 2020          Respectfully submitted,

**RANSOM, GILBERTSON, MARTIN & RATLIFF, LLP**
By:
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*[Proposed] Liaison Counsel for Plaintiffs and Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
*pro hac vice forthcoming
Phillip Kim, Esq.
*pro hac vice forthcoming
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
        pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and Class*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,388 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

10