RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*Liaison Counsel for Lead Plaintiff Movant
and [Proposed] Liaison Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| ROBERT SOLIS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEXINFINTECH HOLDINGS LTD., JAY WENJIE XIAO, CRAIG YAN ZENG, KEYI CHEN, YIBO SHAO, and JARED YI WU,<br><br>Defendants. | **CASE No.: 3:20-cv-01562-SI**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF MATTHEW P. CASTNER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................2

STATEMENT OF FACTS .......................................................................................................3

ARGUMENT...........................................................................................................................5

    A.     CASTNER SHOULD BE APPOINTED LEAD PLAINTIFF ................................5

          1.     Castner Is Willing to Serve as Class Representative ...................................6

          2.     Castner Has the "Largest Financial Interest"..............................................6

          3.     Castner Otherwise Satisfies the Requirements of Rule 23 of the
               Federal Rules of Civil Procedure...............................................................8

          4.     Castner Will Fairly and Adequately Represent the Interests of the
               Class and Is Not Subject to Unique Defenses............................................11

    B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
          APPROVED ......................................................................................................11

CONCLUSION.......................................................................................................................12

i

## LR 7-1(a) CERTIFICATION

Local Rule 7-1(a) requires the moving party to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute" before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), whereby any "purported class member . . . including any . . . class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(i), there may be as-yet unknown movants who intend to seek appointment as lead plaintiff on November 9, 2020. The undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived as to the unknown movants in this instance. If any subsequent motion for appointment as lead plaintiff is filed after this Motion, the undersigned will confer, as necessary, with counsel for those movants after the filing of this Motion.

## MOTION

**PLEASE TAKE NOTICE** that on a date and at a time to be designated by the Court, Lead Plaintiff Movant Matthew P. Castner ("Castner"), by and through his counsel, will and does hereby move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, for an Order: (1) appointing Castner as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired publicly traded LexinFintech Holdings Ltd. ("LexinFintech" or the "Company") securities (a) pursuant and/or traceable to the Company's initial public offering conducted on or about December 21, 2017 (the "IPO" or "Offering") or (b) between December 21, 2017 and August 24, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2)

1

approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("Jeffrey S. Ratliff") as Liaison Counsel for the Class. This Motion is based upon the Memorandum of Law below and the Declaration of Jeremy A. Lieberman ("Lieberman Decl.") and exhibits thereto filed concurrently herewith.

## MEMORANDUM OF LAW

Movant Castner respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, for an Order: (1) appointing Castner as Lead Plaintiff on behalf of the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel and Jeffrey S. Ratliff as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). Castner, with losses of approximately $248,222 in connection with his purchases of LexinFintech securities pursuant and/or traceable to the IPO and/or during the Class Period, believes that he has the largest financial interest in the relief sought in the above-captioned action ("Action"). Castner further satisfies the requirements of Rule 23 as he is an adequate representative with claims typical of the other Class members. Accordingly, Castner respectfully submits that he should be appointed Lead Plaintiff for the Class.

2

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, LexinFintech, through its subsidiaries, purports to operate as an online consumer finance platform for young professionals in the People's Republic of China ("PRC"). The Company operates Fenqile.com, a retail and online consumer finance platform that offers installment purchase loans, personal installment loans, and other loan products, as well as provides online direct sales with installment payment terms; and Le Card, a membership platform, which offers savings, benefits, and membership privileges to food and beverage, apparel, hospitality, and leisure sectors. LexinFintech is incorporated in the Cayman Islands with headquarters in Shenzen, PRC. LexinFintech's securities trade on the NASDAQ exchange under the ticker symbol "LX."

On November 13, 2017, the Company filed with the SEC a registration statement on Form F-1 for the IPO, which, after an amendment, was declared effective on December 20, 2017 (the Form F-1, together with all amendments, is referred to herein as the "Registration Statement"). On December 21, 2017, the Company filed a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement. The Registration Statement was used to sell to the investing public approximately 12 million LexinFintech American depository shares ("ADSs"), representing 24 million LexinFintech Class A common shares, at $9.00 per ADS. The above-captioned defendants ("Defendants") generated $100.44 million in gross offering proceeds from their sale of LexinFintech ADSs in the IPO.

The Registration Statement was negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing its preparation. Specifically, the Registration Statement made false and/or misleading statements

3

and/or failed to disclose that: (i) LexinFintech overstated its growth prospects; (ii) LexinFintech engaged in undisclosed related party transactions; and (iii) as a result, the Registration Statement was materially false and/or misleading and failed to state information required to be stated therein.

Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) LexinFintech reported artificially low delinquency rates by giving borrowers in default new funds to make payments; (ii) the Company's business model exposes shareholders to enormous losses by prioritizing Chinese lenders for off-balance sheet loans; (iii) the Company exaggerated its user base; (iv) the Company was facilitating direct peer to peer lending contrary to Chinese law; (v) the Company engaged in undisclosed related party transactions; (vi) the Company lacked adequate internal controls; and (vii) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times

On August 25, 2020, Grizzly Research published a report describing, among other things, how the Company: (i) reports artificially low delinquency rates by giving borrowers in default new funds to make payments; (ii) has a business model that exposes shareholders to enormous losses; (iii) was still conducting direct peer to peer lending despite claiming otherwise, (iv) lacked internal controls; and (v) conducted undisclosed related party transactions.

The report, *inter alia*, alleged that the Company had accumulated a giant off-balance sheet loan book that was guaranteed by shareholders; provided evidence that the Company was selling direct peer to peer lending products despite claiming otherwise; alleged that employees

4

were holding equity interests in companies that were undisclosed by Lexinfintech as subsidiaries; alleged that the Company entered into an undisclosed related party transaction with its Chairman's relative; alleged that the Company was deflating its default and delinquency ratios; and contained an analysis of the Company's web traffic, which cast significant doubt on its purported growth.

On this news, LexinFintech ADSs fell $0.47 per share, or 5.52%, to close at $8.04 per share on August 25, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    CASTNER SHOULD BE APPOINTED LEAD PLAINTIFF

Castner should be appointed Lead Plaintiff because, to his counsel's knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Sections 27(a)(3)(B) and 21D(a)(3)(B) of the PSLRA set forth procedures for the selection of a lead plaintiff in class actions brought under the Securities Act and Exchange Act, respectively. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i) & (ii), 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the

presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Castner satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     Castner Is Willing to Serve as Class Representative

On September 9, 2020, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in LexinFintech securities that they had until November 9, 2020—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. 1.

Castner has filed the instant motion pursuant to the Notice and has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. 2. Accordingly, Castner satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     Castner Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Castner has the largest financial interest of any LexinFintech investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit.  *See, e.g., Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

Of the *Lax* factors, courts in this Circuit, including this Judicial District, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g., Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *23 (D. Or. Oct. 3, 2014) (finding "[d]istrict courts have generally equated financial interest with actual economic losses suffered," and determining presumptive lead plaintiff by comparing losses); *Brown v. Computerized Thermal Imaging, Inc.*, No. 02-611-KI, 2002 U.S. Dist. LEXIS 18515, at *2 (D. Or. Sep. 24, 2002) (finding "the court is to compare the financial stakes of the various candidates for lead plaintiff . . . and decide who has the most to gain from the lawsuit," and determining presumptive lead plaintiff by comparing

7

movants' damages); *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19; *Knox*, 136 F. Supp. 3d. at 1163.

Pursuant and/or traceable to the IPO and/or during the Class Period, Castner: (1) purchased 28,300 shares of LexinFintech securities; (2) expended $451,555 on his purchases of LexinFintech securities; (3) retained all of his shares of LexinFintech securities; and (4) as a result of the disclosures of Defendants' alleged misconduct, suffered a loss of $248,222 in connection with his IPO and/or Class Period purchases of LexinFintech securities. *See* Lieberman Decl., Ex. 3. Because Castner possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Castner Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at \*9 (N.D. Cal. Aug. 11, 2014); *see also Deering*, 2014 U.S. Dist. LEXIS 140766, at \*29 ("[P]laintiffs . . . present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy."). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*13 (N.D. Cal. Jan. 25, 2017); *see also Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 732 (9th Cir. 2002)

8

("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."); *Deering*, 2014 U.S. Dist. LEXIS 140766, at *27-*29 (evaluating only typicality and adequacy for Rule 23 purposes); *Brown*, 2002 U.S. Dist. LEXIS 18515, at *4-5 (same). Castner readily passes muster.

Castner satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Castner's claims are typical of those of the Class members. Like all Class members, Castner alleges that: (1) Defendants violated the Securities Act and Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning LexinFintech; (2) Castner and the Class members purchased LexinFintech securities pursuant and/or traceable to the IPO and/or during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Castner and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove LexinFintech's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Castner's typicality under Rule 23(a)(3). *See, e.g., Brown*, 2002 U.S. Dist. LEXIS 18515, at *4-5 (holding that, because a movant "purchased [defendant company's] shares of

9

stock" during the relevant period of time, movant's "injury, alleged[ly] caused by defendants' misrepresentations, is typical of the injury alleged on behalf of the proposed class").

Castner also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Castner has submitted a sworn Certification signed by him declaring his commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. 2. Castner's significant losses from his purchases of LexinFintech securities pursuant and/or traceable to the IPO and/or during the Class Period demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Castner has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section B., *infra*. Castner's and Pomerantz's willingness and ability to zealously litigate the claims in this Action on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Castner has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. 4.

### 4. Castner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Castner as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interests of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Castner to fairly and adequately represent the Class has been discussed above. Castner is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Castner should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *Deering*, 2014 U.S. Dist. LEXIS 140766, at *8; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Deering*, 2014 U.S. Dist. LEXIS 140766, at *8.

Here, Castner has selected Pomerantz as Lead Counsel and Jeffrey S. Ratliff as Liaison Counsel for the Class. These firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities

11

class actions on behalf of investors, as detailed in the firms' respective resumes. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Lieberman Decl., Ex. 5. Castner's selection of Liaison Counsel, Jeffrey S. Ratliff, have significant experience in securities litigation, and its attorneys have extensive familiarity with the Local Civil Rules of this Judicial District. *See* Lieberman Decl., Ex. 6.

As a result of these firms' extensive experience in litigation involving issues similar to those raised in the Action, Castner's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel and Liaison Counsel by Castner, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Castner respectfully requests that the Court issue an Order: (1) appointing Castner as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel and Jeffrey S. Ratliff as Liaison Counsel for the Class.

Dated: November 9, 2020

Respectfully submitted,

RANSOM, GILBERTSON, MARTIN & RATLIFF, LL

By: _____ 893122

Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664
*Liaison Counsel for Lead Plaintiff Movant and*
*[Proposed] Liaison Counsel for the Class*

12

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice forthcoming*)
J. Alexander Hood II
(*pro hac vice forthcoming*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice forthcoming*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant and
[Proposed] Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice forthcoming*)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff
Movant*

13