**Milo Petranovich**, OSB, #813376
petranovichm@lanepowell.com
**Peter D. Hawkes**, OSB #071986
hawkesp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Tel: 503.778.2100

**Peter B. Morrison** (*pro hac vice*)
peter.morrison@skadden.com
**Virginia F. Milstead** (*pro hac vice*)
virginia.milstead@skadden.com
**Kasonni M. Scales** (*pro hac vice*)
kasonni.scales@skadden.com
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.687.5000
Facsimile: 213.687.5600

Attorneys for Defendant LexinFintech
Holdings Ltd.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE LEXINFINTECH HOLDINGS LTD. SECURITIES LITIGATION | Case No.: 3:20-cv-01562-SI |
| | Defendant LexinFintech Holdings Ltd.'s **REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF LEXINFINTECH HOLDINGS LTD.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>**REQUEST FOR ORAL ARGUMENT** |

PAGE 1 -     REQUEST FOR JUDICIAL NOTICE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant LexinFintech Holdings Ltd. ("Lexin" or the "Company") respectfully requests that the Court consider, in connection with Lexin's Motion to Dismiss the Amended Class Action Complaint ("Motion"), Exhibits 1 through 6 attached to the Declaration of Kasonni M. Scales ("Scales Declaration"):

Exhibit 1:  A true and correct copy of the short-seller report published by Grizzly Research on August 25, 2020.

Exhibit 2:  A true and correct copy of historical stock price data for Lexin's American Depositary Shares ("ADS"), from August 25, 2020 through March 19, 2021.

Exhibit 3:  A true and correct copy of excerpts of the 2019 Form 20-F Annual Report filed by Lexin with the SEC on April 30, 2020.

Exhibit 4:  A true and correct copy of excerpts of the 2018 Form 20-F Annual Report filed by Lexin with the SEC on April 30, 2019.

Exhibit 5:  A true and correct copy of excerpts of the 2017 Form 20-F Annual Report filed by Lexin with the SEC on April 26, 2018.

Exhibit 6:  A true and correct copy of excerpts of Lexin's Form F-1 Registration Statement filed with the SEC on November 13, 2017.

Each of these Exhibits may be properly considered by the Court in connection with Defendant's Motion because each Exhibit is (i) incorporated by reference, in, and integral to, the Amended Class Action Complaint ("AC"), and/or (ii) subject to judicial notice under Federal Rule of Evidence 201.

PAGE 2 -    REQUEST FOR JUDICIAL NOTICE

In assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201" both "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways").

Defendant respectfully requests that the Court consider Exhibits 1 through 6 to the Scales Declaration because each Exhibit is either incorporated by reference in the AC, subject to judicial notice, or both.

## I.    THE COURT SHOULD CONSIDER EXHIBITS 3-6 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE AC

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents 'whose contents . . . are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original) (citation omitted), *superseded by statute on other grounds*. To "'[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alterations in original) (citation omitted).

PAGE 3 -    REQUEST FOR JUDICIAL NOTICE

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted). If, in a federal securities case, the document "contains [one of the] alleged misrepresentation[s]," the document necessarily "forms the basis of" the claim, and can be considered as incorporated by reference into the complaint. *Id.* at 1005.

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," the "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Here, Exhibits 3-6 are incorporated by reference in the AC. Those Exhibits are referenced or relied upon in the following paragraphs of the AC:

| Exhibit No. and Description | Paragraph(s) of the AC |
|---|---|
| Ex. 3: Excerpts of the FY 2019 Form 20-F filed by Lexin with the SEC on April 30, 2020. | ¶¶ 31, 35, 47, 50, 92, 93, 94, 95, 96 |
| Ex. 4: Excerpts of the FY 2018 Form 20-F filed by Lexin with the SEC on April 30, 2019. | ¶¶ 31, 35, 50, 83, 84, 85, 86, 87 |
| Ex. 5: Excerpts of the FY 2017 Form 20-F filed by Lexin with the SEC on April 26, 2018. | ¶¶ 31, 35, 50, 63, 64, 65, 66, 67 |

PAGE 4 -       REQUEST FOR JUDICIAL NOTICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

| Exhibit No. and Description | Paragraph(s) of the AC |
|---|---|
| Ex. 6: Excerpts of the Form F-1 Registration Statement filed by Lexin with the SEC on November 13, 2017. | ¶¶ 4, 5, 6, 7, 16, 18, 19, 23, 24, 25, 29, 31, 35, 39, 52, 53, 54, 55, 56, 57, 58, 117, 121, 128, 129, 130, 131, 133 |

The Court should incorporate all of these Exhibits by reference for two reasons. *First*, as the chart above makes clear, the AC references Exhibits 3-6 "extensively," which itself provides a sufficient basis for incorporation by reference. *Khoja*, 899 F.3d at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint."); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of the" complaint and another document that was "quoted or referenced in three paragraphs" of the complaint).

*Second*, each of Exhibits 3-6 forms the basis of Plaintiff's claims—a separate and independent basis for the Court to incorporate these Exhibits by reference. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038. Exhibits 3-6 are the Form 20-F disclosures that Lexin filed with the SEC. The AC alleges that Exhibits 3-6 contained the false or misleading statements at issue.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-6

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

PAGE 5 -    REQUEST FOR JUDICIAL NOTICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Exhibits 1-6 are the proper subject of judicial notice.

*First*, the Court can take judicial notice of the contents of Exhibit 1, which is the short seller report from Grizzly Research on which Plaintiff relies for much of his allegations. *See In re Blue Earth, Inc. Sec. Class Action Litig.*, No. CV 14-08263-DSF (JEMx), 2015 WL 12001274, at *1 n.1 (C.D. Cal. Nov. 3, 2015) (taking judicial notice of an anonymous short-seller report in a securities action); *see also Miller v. PCM, Inc.*, LACV 17-3364-VAP (KSx), 2018 WL 5099722, at *1 n.2 (C.D. Cal. Jan. 3, 2018) (taking judicial notice that short-seller blog post was published "without expressing any opinion as to the truth of the post's contents"); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 912-13 (N.D. Cal. 2015) (granting judicial notice of analyst report "only for their existence and the existence of their contents, not for the truth of their contents"). Here, Lexin asks the Court to take judicial notice of the content of the Grizzly Report, including the disclaimers provided to the public in the Grizzly Report.

*Second*, the Court can take judicial notice of Exhibit 2, which is a chart of historical stock prices for Lexin's ADSs. The Court can judicially notice this stock price information because a "stock price is public information capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (taking judicial notice of historical stock price information); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of a company's "stock price history" is "proper"). Here, Lexin asks the Court to take judicial notice that Lexin's ADS price traded as high as $15.27 on February 19, 2021.

PAGE 6 -    REQUEST FOR JUDICIAL NOTICE

*Third*, the Court can take judicial notice of Exhibits 3-6, which are documents that have been filed with the SEC. Courts regularly take judicial notice of a company's SEC filings. *See, e.g.*, *Metzler*, 540 F.3d 1049, 1064 n.7 (SEC filings properly subject to judicial notice on motion to dismiss); *Nw. Pipe Co. v. RLI Ins. Co.*, No. 3:09–CV–01126–BR, 2014 WL 1406595, at *5 (D. Or. Apr. 10, 2014) (concluding the Form 10-K filed with the SEC "is a public filing of which the Court may take judicial notice").

Exhibits 3-6 are also public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because the contents of public records are not in dispute, courts routinely take judicial notice of what public records contain or what those documents state. *See In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC, 2020 WL 1873441, at *11 (N.D. Cal. Apr. 15, 2020) ("[A] court may take judicial notice under Federal Rule of Evidence 201 pertaining to 'matters of public record' without converting a motion to dismiss to a motion for summary judgment."); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (holding "district court erred in refusing to take judicial notice" of public record).

Here, Defendant asks the Court to take judicial notice of the fact that Exhibits 1 and 3-6 contain certain specific statements. The information that is disclosed to the market is indisputably a proper subject for judicial notice in a federal securities action. *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, 80 F. Supp. 3d 1152, 1157 (D. Or. 2015) (taking judicial notice of "SEC filings, press releases, and website pages"). Specifically, Defendant requests that the Court take judicial notice that Exhibits 1-6 contained the following disclosures:

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
| --- | --- |
| Ex. 1: A true and correct copy of the short-seller report published by Grizzly Research on August 25, 2020. | Exhibit 1 contains allegations identical to certain allegations in the AC. |

PAGE 7 -    REQUEST FOR JUDICIAL NOTICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
|---|---|
|  | Exhibit 1 contained certain disclaimers, including that "Grizzly Research (possibly along with or through our members, partners, affiliates, employees, and/or consultants) along with our clients and/or investors has a direct or indirect short position in the stock (and/or options, swaps, and other derivatives related to one or more of these securities) of the company covered herein, and therefore stands to realize significant gains in the event that the price of LX's stock declines." (Ex. 1 at 1-32.)<br><br>Exhibit 1 also disclosed that "the report and all statements contained herein are the opinions of Grizzly Research, and are not statements of fact" (*id.*), and disclaimed that "Grizzly Research makes no representation, express or implied, as to the accuracy, timeliness, or completeness of any such information" (*id.* at 2, 32).<br><br>Exhibit 1 also states that Grizzly Research "conducted research and analysis based on public information in a manner than [sic] any person could have done if they had been interested in doing so." (*Id.* at 2, 32.)<br><br>Exhibit 1 further contains warnings to "[u]se Grizzly Research's research at your own risk" and "do your own research." (*Id.* at 1-32.) |
| Ex. 3: Excerpts of the FY 2019 Form 20-F filed by Lexin with the SEC on April 30, 2020. | Lexin provided an overview of their services, noting "we are a leading online consumption and consumer finance platform for educated young professionals in China." (Ex. 3 at 61.) Lexin also described Fenqile, Lexin's "online consumer finance platform" which "offers users personal installment loans, installment purchase loans and other loan products" as well as Juzi Licai, noting that Lexin's "current risk safeguard scheme with respect to individual investors is managed by a third-party guarantee company" and describes its relationship with Juzi Licai. (*Id.* at 98, 66.) Lexin further described how its users access their platform, "we offer our services mainly through our mobile applications." (*Id.* at 32.)<br><br>Lexin explained its increase in growth: "growth in our loan originations and outstanding principal balance has been driven primarily by the addition of new users," noting that Lexin "believe[s] the repeat borrowing behavior of our |

PAGE 8 -    REQUEST FOR JUDICIAL NOTICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
|---|---|
| | existing users will be important to [its] future growth." (*Id.* at 101.) Lexin also noted the "number of [its] active users grew from approximately 4.1 million in 2017 to approximately 4.9 million in 2018, and further grew to approximately 9.9 million in 2019." (*Id.* at 101.)<br><br>Lexin disclosed that none of its loans "has an overall annualized interest rate exceeding 36%" and that it believed its "current service fees and various other fees" are "reasonable and in compliance with relevant requirements." (*Id.* at 29.) Lexin further disclosed that if its current fee level is deemed excessive or usurious, Lexin "may face, among others, regulatory warning, correction order, condemnation, fines and criminal liability." (*Id.*)<br><br>Lexin disclosed the risks associated with debt collection under the current regime, noting that "if either our employees or our third-party services providers' collection methods . . . are not effective . . . our delinquent loan collection rate may decrease." (*Id.* at 25.) Lexin further warned that it may be "subject to lawsuits initiated by the users or prohibited by the regulatory authorities from using certain collection methods" and its reputation could be harmed by claimed incidents related to aggressive or illegal loan tactics. (*Id.*)<br><br>Lexin described its flexible repayment options available for its customers, including "the option to postpone their current monthly repayment to the next scheduled payment date or finance the repayment of a particular monthly repayment with a new loan" and "minimum monthly repayments." (*Id.* at 63, 15.) Lexin also explained "the flexible repayment options" and how it may affect Lexin's loan delinquencies and charge-offs. (*Id.* at 15.)<br><br>Lexin described the "regulations relating to online lending information intermediary service agency" and a notice issued by the Shenzhen Internet Finance Association, which prohibited online lending intermediaries from "increase[ing] the outstanding balance of loan[s]" or "increase[ing] the number of lenders." (*Id.* at 74-80.) Lexin further disclosed that "given the increasingly tightening trend of |

PAGE 9 - REQUEST FOR JUDICIAL NOTICE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
|---|---|
| | restrictions on online consumer financing, we have gradually shifted our business model away from individual funding . . . . We have ceased facilitating new loans with funding from individual investors on *Juzi Licai* platform since November 2019." (*Id.* at 10.)<br><br>Lexin described regulatory caps on interest rates and fees, noting "changes in PRC regulations relating to interest rates and fees for online consumer finance platforms and microcredit lending could have a material adverse effect on our business" (*id.* at 29), and detailed the regulations relating to online consumer finance services and the regulations relating to campus online lending and cash loan business. (*Id.* at 75, 82-83.) Lexin further disclosed that its current loans did not have "an overall annualized interest rate exceeding 36%" and warned that "if [its] current fee level is deemed to be excessive or constitutes usurious loans under any existing or future relevant PRC laws, regulations and rules," Lexin could face penalties. (*Id.* at 29.) |
| Ex. 4: Excerpts of the FY 2018 Form 20-F filed by Lexin with the SEC on April 30, 2019. | Lexin disclosed that none of its loans "has an overall annualized interest rate exceeding 36%" and that it believed its "current service fees and other various fees" are "reasonable and in compliance with relevant requirements" (Ex. 4 at 26). Lexin further disclosed that if its current fee level is deemed excessive or usurious, Lexin "may face, among others, regulatory warning, correction order, condemnation, fines and criminal liability." (*Id.* at 26.)<br><br>Lexin disclosed the risks associated with debt collection under the current regime, noting that "if either our or our third-party services providers' collection methods . . . are not effective . . . our delinquent loan collection rate may decrease." (*Id.* at 23.) Lexin further warned that it may be "subject to lawsuits initiated by the users or prohibited by the regulatory authorities from using certain collection methods" and its reputation could be harmed by claimed incidents related to aggressive or illegal loan tactics. (*Id.*)<br><br>Lexin explained "the flexible repayment options" and how it may affect Lexin's loan delinquencies and charge-offs. (*Id.* at 14.) |

PAGE 10 -    REQUEST FOR JUDICIAL NOTICE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
|---|---|
| | Lexin described the "regulations relating to online lending information intermediary service agency" and a notice issued by the Shenzhen Internet Finance Association, which prohibited online lending intermediaries from "increase[ing] the outstanding balance of loan[s]" or "increase[ing] the number of lenders." (*Id.* at 69-73.) |
| Ex. 5: Excerpts of the FY 2017 Form 20-F filed by Lexin with the SEC on April 26, 2018. | Lexin disclosed that none of its loans "has an overall annualized interest rate exceeding 36%" and that it believed its "current service fees and various other fees" are "reasonable and in compliance with relevant requirements" (Ex. 5 at 25). Lexin further disclosed that if its current fee level is deemed excessive or usurious, Lexin "may face, among others, regulatory warning, correction order, condemnation, fines and criminal liability." (*Id.*)<br><br>Lexin disclosed the risks associated with debt collection under the current regime, noting that "if either our or our third-party services providers' collection methods . . . are not effective . . . our delinquent loan collection rate may decrease." (*Id.* at 21.) Lexin further warned that it may be "subject to lawsuits initiated by the customers or prohibited by the regulatory authorities from using certain collection methods" and its reputation could be harmed by claimed incidents related to aggressive or illegal loan tactics. (Ex. 5 at 21.)<br><br>Lexin also described the regulatory regime, noting "the laws and regulations governing the online consumer finance industry and microcredit companies in China are developing and evolving rapidly" and detailed potential consequences. (*Id.* at 7-9.) |
| Ex. 6: Excerpts of the Form F-1 Registration Statement filed by Lexin with the SEC on November 13, 2017. | Lexin disclosed the risks associated with debt collection, noting "if either our [employees] or our third-party service providers' collection methods" are not effective its "delinquent loan collection rate may increase." (Ex. 6 at 28.) Further, Lexin notes that "if those collection methods were to be viewed by the customers or regulatory authorities as harassments, threats, or other illegal conducts, we may be subject to lawsuits" which could materially and adversely affect Lexin's business and operations. (*Id.*)<br><br>Lexin also described the regulatory regime, noting "the laws and regulations governing the |

PAGE 11 -    REQUEST FOR JUDICIAL NOTICE

| Exhibit No. and Description | Fact(s) for Which Notice Is Requested |
|---|---|
| | online consumer finance industry and microcredit companies in China are developing and evolving rapidly" and detailed potential consequences. (*Id.* at 14-17.) |

Upon proper notice, the Court is required to take judicial notice of the Exhibits listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *accord Lyon*, 626 F.3d at 1075. Here, Defendant has requested judicial notice and furnished the Court with the necessary information.

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court consider, in ruling on Defendant's Motion, the Exhibits attached to the Scales Declaration, filed herewith.

DATED:  March 22, 2021

LANE POWELL PC


By:  /s/ Milo Petranovich
Milo Petranovich, OSB No. 813376
Peter D. Hawkes, OSB No. 071986
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158
petranovichm@lanepowell.com
hawkesp@lanepowell.com
Tel: 503.778.2100

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

Peter B. Morrison (*pro hac vice*)
Virginia Milstead (*pro hac vice*)
Kasonni M. Scales (*pro hac vice*)
300 S Grand Avenue, Suite 3400
Los Angeles, California 90071
peter.morrison@skadden.com
virginia.milstead@skadden.com
kasonni.scales@skadden.com
Tel: 213.687.5000

*Attorneys for Defendant LexinFintech Holdings, Ltd.*

719517.0001/8396551.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200